UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BROADBAND GRAPHICS, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>-vs-<br><br>CAPITAL MARKET SERVICES, LLC, dba CMS FOREX, a New York domestic limited liability company,<br><br>    Defendant. | NO.  CV-10-0112-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF NEW YORK** |

BEFORE THE COURT is Defendant's Motion to Transfer Venue to Southern District of New York Venue, Ct. Rec. 17, filed on September 3, 2010. The motion was set for telephonic hearing on October 28, 2010. Johnathan Mansfield participated on behalf of the Plaintiff; Jeanpierre J. Giuliano participated on behalf of the Defendant. Plaintiff Broadband Graphics, LLC ("Broadband" or "Plaintiff") alleges that CMS infringes its U.S. Patent No. 7,313,765 (the "'765 Patent") and U.S. Patent No. 7,539,947 (the "'947 Patent") (collectively, the "patents-in-suit"). Capital Market Services, LLC ("CMS" or "Defendant") has moved to transfer the above captioned patent infringement action to the United States District Court for the Southern District of New York under 28 U.S.C. §1404(a).

ORDER - 1

Broadband opposes the motion. The following Order is intended to memorialize and supplement the oral rulings of the Court.

### I. VENUE-RELATED FACTS

Defendant CMS is a New York LLC with its principal place of business in New York, New York. CMS offers its clients free software tool ("VT Software") through CMS' website and website is maintained in State of New York. Development of VT Software was managed by CMS employees who are located in State of New York. The VT Software includes an ancillary window display management function (integrated into the VT Software) that was licensed to CMS by AutomatedQA Corporation, which is a business located in Massachusetts. Defendant argues that the Washington contacts to the litigation are de minimus and the Eastern District of Washington is a substantially less convenient venue on the whole than the Southern District of New York. Defendant concludes that the location of the totality of relevant events and the center of gravity for the accused infringing activity allegedly occurred in and around the State of New York.

Defendant concedes, however, that "While the present matter is in the early stages of litigation and therefore the identity of all witnesses is unknown, it may be assumed that witnesses in this patent infringement case will likely include present and former employees of CMS, present and former employees of the Plaintiff and the named inventors. As indicated previously, a majority of CMS' employees in the United States are located in the State of New York."

Plaintiff, who opposes this motion, asserts that the venues proposed (Spokane or New York City) are similarly inconvenient for each party and

ORDER - 2

CMS cannot show the New York City is more convenient for the parties and non-parties in this action. Broadband's CEO/chief technologist/inventor/primary witness Mr. Taylor is located in Spokane.[1] Mr. Taylor's co-inventor Mr. Koenig lives within driving distance of Spokane. The patent prosecuting attorney, Mr. AuYeung, lives within driving distance of Spokane.

The source code for the software itself is the prima facie evidence of infringement and defense's argument that location of the servers that process the VT Trader Software is in New York is immaterial. Specifically, Broadband's patent is on the software user interface that the user interacts with locally on his or her own computer, which is running the VT Trader Software on its own local hardware. The location of CMS's servers is thus immaterial to deciding venue.

As for sources of proof of the infringement, virtually all documentary evidence ( source code) is accessible electronically with relative ease, provided an appropriate protective order in place. Finally, litigation centralized in Manhattan will be more expensive than litigation in Spokane.[2]

## II. ANALYSIS

This Court finds that discretionary transfer is not warranted in this case. 28 U.S.C. § 1404(a) provides:

---

[1] It is clear from the record that Mr. Taylor and Broadband moved from California to Spokane to be closer to Mr. Taylor's in-laws, not to select a venue.

[2] Indeed the Court took judicial notice that per diem rates were significantly higher in New York City as opposed to Spokane.

ORDER - 3

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This statute partially displaces the common law doctrine of *forum non conveniens*. *Miskow v. Boeing Co.*, 664 F.2d 205, 207, (9th Cir.1981), cert. denied, 455 U.S. 1020, 102 S.Ct. 2717, 72 L.Ed.2d 138 (1982) (the statute only applies to transfers between federal district courts). Nonetheless, *forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion. A court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum. *Mizokami Bros. of Arizona v. Mobay Chemical Corp.*, 660 F.2d 712, 718 (8th Cir.1981); *Continental Oil Co. v. Atwood & Morrill Co.*, 265 F.Supp. 692, 699 (D.Mont.1967).

The defendant must make a <u>strong</u> showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added)(citations omitted). As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981).

Private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839,

ORDER - 4

843, 91 L.Ed. 1055 (1947). Public factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (*quoting Gulf Oil Corp.*, 330 U.S. at 509, 67 S.Ct. at 843).

For the reasons stated on the record and supplemented herein, the Court finds that CMS has not made a strong showing of inconvenience to warrant upsetting the Broadband's choice of forum at this stage of litigation. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Transfer Venue to Southern District of New York, Ct. Rec. 17, filed September 3, 2010, is **DENIED.**

**DATED** this 5th day of November, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE